WOODWARD & COMPANY *vs.* GOURDINS, YOUNG & FROST.

In view of the fact that the failure of the defendant to deliver such cotton as they bargained to the extent of seventy-six bales, and that some of the seventy-six bales were almost worthless, caused the controversy, and of the further fact that the court below was not satisfied with the verdict, the grant of a new trial will not be controlled.

New trial. Before Judge CLARK. City Court of Atlanta. June Term, 1879.

Reported in the decision.

HOPKINS & GLENN, for plaintiffs in error.

JACKSON & LUMPKIN, for defendants.

JACKSON, Justice.

Gourdins, Young & Frost, of Savannah, bought of Butler Woodward & Co., of Atlanta, one hundred bales of .cotton of a certain grade at a certain price. Twenty-four bales came up to the standard stipulated for when received in Savannah; seventy-six did not. This fact was settled after much correspondence, by arbitration. Porter & King, of Savannah, acted as agents for the Atlanta firm and ·managed their business in the city of Savannah. After the arbitration and the rejection of the said seventy-six bales of cotton, Porter & King wrote to Butler Woodward & Co. to the effect that most of the rejected cotton could be sold to one Rauers at a certain price, and thereupon Butler Woodward & Co. sent Porter & King the following telegram: "Sell to Rauers, get off all can, then sell balance, pay proceeds to Gourdins, we will remit exchange for difference due him on receipt of statement." Accordingly the seventy-six bales were sold, proceeds paid, and suit was brought for the difference due on an account between Gourdins, Young & Frost and Butler Woodward & Co.,

by the former against the latter. The jury found for the defendants, Butler Woodward & Co. The plaintiffs moved for a new trial on many grounds, among them one that the verdict was against the weight of the testimony and contrary to law. The court granted the motion on that ground and in the following words : " Upon argument had it is ordered that a new trial be granted on the ground that the jury found contrary to law and evidence on account of the telegram to Porter & King, as that telegram changed the arbitration by defendants ; or if not, that was the only reasonable construction of it upon which plaintiffs acted, and by which defendants should be bound, and the motion is overruled on the other grounds." To this judgment defendants excepted.

It appears from the testimony, which consists in the main of a very lengthy and voluminous correspondence between these parties, among themselves and through Porter & King, that the defendants claimed the right to substitute the seventy-six rejected bales with seventy-six other bales coming up to the standard agreed upon in the sale, and the question was, did this telegram preclude them from setting up this claim ?

We do not well see what it can mean if it does not mean, in the absence of explanation at least, that defendants were satisfied with the price their agents wrote that they could get from Rauers for the rejected cotton, and not being able to buy, or not desiring to be troubled with buying, other cotton of the standard agreed upon in the contract, they would pay the difference in money or rather in exchange. Be that as it may, this court has repeatedly ruled that the first grant of a new trial, since appeals to special juries have been abolished, will not be closely scrutinized. Especially is this the rule where the grant is made on the general ground that the court below is not satisfied with the verdict, because the evidence does not sustain it, and it is in its judgment against law.

The presiding judge certainly has not abused his discre-

tion in the grant of this new trial. In view of the facts that the failure of defendants to deliver such cotton as they bargained to deliver, to the extent of seventy-six out of one hundred bales, and that some of the seventy-six was almost worthless caused all the difficulty between the parties, it would seem that a closer examination of the merits of the case will operate in furtherance of justice, independently of the reason on which the court rested its judgment setting aside the verdict and granting the plaintiffs another hearing.

The judgment is therefore affirmed.